## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| **DINISH L. WATSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-1800-DWD** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the Government's Motion to Dismiss (Doc. 4) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner has also filed a Motion to Amend the § 2255 Motion (Doc. 7). As explained below, the Motion to Dismiss is **DENIED** and the Motion to Amend, construed as a Motion to Supplement Petitioner's initial Motion under § 2255, is **GRANTED**.

On April 27, 2022, Petitioner was sentenced to terms of imprisonment of 360 months for producing child pornography (18 U.S.C. § 2251 (a) and (e)) and 120 months for possessing a firearm as a felon (18 U.S.C. § 922(g)(1)), which were to run concurrently. *See U.S. v. Watson*, No. 21-cr-30031, Docs. 4 & 45 (S.D. Ill.); (Doc. 1, pg. 1). Petitioner did not directly appeal, as "my plea prohibits me from filing an appeal." (Doc. 1, pgs. 2-3).[1]

On May 30, 2023, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). First, Petitioner argues he received ineffective assistance

---

[1]Petitioner initially filed a Notice of Appeal. (Doc. 4, pg. 3); *Watson*, No. 21-cr-30031, Doc. 49 (S.D. Ill. May 2, 2022). The appeal was later dismissed on his own Motion. *See id.* at Doc. 61-1 (Sept. 12, 2022).

of counsel "because the government and counsel knowingly conspired…[to] breach the plea agreement…when the plea agreement signed by all the parties supported…a sentence of 20 years…[and] at sentencing Mr. Watson received 30 years." (Doc. 1, pg. 4). Second, on this same basis, Petitioner alleges prosecutorial misconduct. (Doc. 1, pg. 5). He seeks a new sentence of 20 years of imprisonment. (Doc. 1, pg. 12).

On August 8, 2023, the Court found the Motion survived a preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. (Doc. 3). Thus, the Court set a briefing schedule on the Motion. (Doc. 3).

The Government filed a Motion to Dismiss (Doc. 4) on August 29, 2023. (Doc. 4). The Government argues Petitioner, in his Plea Agreement, agreed, absent narrow exceptions, not to appeal or collaterally attack his conviction or sentence. (Doc. 4, pg. 1). In the Government's view, the waiver of the right to appeal or collaterally attack his conviction or sentence applies notwithstanding the fact that Petitioner frames his claims as ineffective assistance of counsel. (Doc. 4, pgs. 1, 4-5). The Government states Petitioner "alleges a breach of the plea agreement, not ineffective assistance of counsel, and accordingly, it is barred by his appeal and collateral attack waiver." (Doc. 4, pg. 5).

More specifically, the Government argues Petitioner's waiver was knowingly and voluntarily made on the advice of experienced counsel, the terms of the Plea Agreement were explained and addressed by the Court at the Plea Hearing, and the Government committed no material breach of the Plea Agreement. (Doc. 4, pgs. 4-5). Indeed, the Government notes it upheld its obligations under the Plea Agreement by recommending

a sentence at the low end of the guideline range to the Court. (Doc. 4, pg. 5). As such, the Government is aware of no reason that the waiver is unenforceable. (Doc. 4, pg. 5).

Regardless of the aforementioned waiver, though, the Government argues Petitioner's claims are "easily refuted by the record." (Doc. 4, pg. 5). Again, the Government notes it recommended a low-end sentence to the Court, as required by the Plea Agreement, and that was the sentence actually imposed by the Court. (Doc. 4, pg. 5).

Petitioner did not initially respond to the Motion to Dismiss. Therefore, on October 13, 2023, the Court ordered Petitioner to file a Response on or before November 13, 2023. (Doc. 5). Petitioner did so. (Doc. 6). In that Response, Petitioner argues he was misled by his attorney, who allegedly advised Petitioner that he would only receive a 20-year sentence if he signed the Plea Agreement. (Doc. 6, pgs. 2-3). Petitioner clarifies:

> If…[I] knew the government and counsel were going to mislead…and induc[e] [me]…[in]to signing a plea agreement, on a promise…for…a sentencing recommendation of a sentence of 20 years imprisonment, and then turn around and give…a plea agreement[] that supports…360-life, noting that the statutory maximum was 480 month's [imprisonment], it should be clear to the Court[] that Mr. Watson[] was misl[ed] by his counsel[] and the government.

(Doc. 6, pg. 3).

In short, Petitioner argues he was misled, and induced into entering the plea agreement, because it was impossible for him to receive a 20-year sentence in light of the guideline range. (Doc. 6, pg. 5). Petitioner indicates he was prejudiced by his attorney's ineffectiveness because he was not apprised of the true guideline range or the collateral consequences of the guilty plea. (Doc. 6, pg. 4). Also, if not for that ineffectiveness, Petitioner indicates he would have proceeded to trial. (Doc. 6, pg. 5).

In light of these arguments, the Court briefly recounts the relevant terms of Petitioner's Plea Agreement, which was signed by Petitioner, his attorney, and the Government. *See Watson*, No. 21-cr-30031, Doc. 33 (S.D. Ill. Nov. 10, 2021). By signing the Plea Agreement, Petitioner "certifie[d] having read it (or that it has been read to…[him] in a language…[he] understands), [he] has discussed the terms of th[e] Plea Agreement with defense counsel and fully understands its meaning and effect." *Id*. at pg. 14.

As to the Advisory Sentencing Guidelines, the Plea Agreement, in part, provides:

### II. Advisory Sentencing Guidelines

1.   Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

  (i)   the nature and circumstances of the offense and the history and characteristics of the defendant;

  (ii)   the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (iii)   the kinds of sentences available;

  (iv)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

  (v)   the need to provide restitution to any victim of the offense.

2.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the US Sentencing Guidelines range set forth in this Plea Agreement or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement - anywhere between the minimum sentence (if any) up to the statutory maximum sentence. If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw the guilty plea.

3.   The United States and Defendant submit that, after all factors have been considered, Defendant will have the following advisory US Sentencing Guideline range:

  Offense Level: 40,
  Criminal History Category of IV,
  Imprisonment range of 360 – life (however, statutory maximum is 480 months),
  Fine range of $50,000 - $500,000.

*Id*. at pg. 3.

Further, as to the recommendations to the Court, the Plea Agreement states:

> **III. Sentencing Recommendations**
>
> 1.    The United States and Defendant will address the sentencing factors set forth in 18 U.S.C. § 3553(a). The United States agrees to recommend a sentence at the low end of the Guideline range ultimately found by the Court. Defendant agrees to recommend a sentence of twenty (20) years' imprisonment.

*Id*. at pg. 7.

Finally, with respect to Petitioner's waiver of rights, the consequences of the guilty plea, and the waiver of appeal, the Plea Agreement, in pertinent part, provides:

> 5.    Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).
>
> 6.    **Exceptions to the waiver of the right to appeal or bring a collateral attack:**
>
>    a.    If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.  Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel. The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

7. Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having a court declare that Defendant has materially breached this Plea Agreement.

*Id.* at pgs. 10-11; (Doc. 4, pg. 2).

Now, it is generally true that waivers of the right to directly appeal or collaterally attack a conviction or sentence are enforceable. *See U.S. v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003) (citing *U.S. v. Kratz*, 179 F.3d 1039, 1041 (7th Cir. 1999)); *see also U.S. v. Mason*, 343 F.3d 893, 894-95 (7th Cir. 2003) ("A waiver of appeal even in a criminal case is normally valid and binding."). However, a waiver does not always foreclose review. *See Mason*, 343 F.3d at 895 (quoting *U.S. v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002)). The terms of a waiver must be unambiguous, and it must be knowingly and voluntarily made by the defendant. *See Emerson*, 349 F.3d at 988 (quoting *U.S. v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997)). Further, the plea agreement containing the waiver may preserve issues for appeal, be unenforceable due to a material breach by the government, or itself be the product of ineffective assistance of counsel. *See Mason*, 343 F.3d at 895 (citing *Woolley*, 123 F.3d at 632; *U.S. v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002); *U.S. v. Keresztury*, 293 F.3d 750, 759-60 (5th Cir. 2002)); *Diekemper v. U.S.*, No. 11-cv-154, 2013 WL 811471, *4, 6 (S.D. Ill. March 5, 2013); *see also Sines*, 303 F.3d at 798 ("A defendant does not lose the right to

pursue a claim that relates directly to the negotiation of the waiver, such as a claim that the waiver was involuntarily made, was based on an impermissible factor such as race, exceeds the statutory maximum, or was made without effective assistance of counsel.").

Relevantly, within the bounds of reasonableness and prevailing professional norms, counsel is required to advise a client on the pros and cons of a plea agreement. *See Johnson v. U.S.*, No. 15-cv-1070, 2017 WL 1509096, *3 (S.D. Ill. Aug. 27, 2017) (citing *Padilla v. Kentucky*, 559 U.S. 356, 366-67 (2010)); *U.S. v. Ramirez-Fuentes*, No. 13-cv-495, 2016 WL 1162369, *1 (N.D. Ind. March 24, 2016). The familiar analysis from *Strickland v. Washington* applies to claims of ineffective assistance of counsel in this context. *See* 466 U.S. 668, 687 (7th Cir. 1984); *Johnson*, 2017 WL 1509096 at *3; *Ramirez-Fuentes*, 2016 WL 1162369 at *1; *Ramirez v. U.S.*, No. 12-cv-107, 2014 WL 6617389, *4-6 (N.D. Ind. Nov. 21, 2014). The Court notes, though, "[s]o long as counsel's advice on a plea was 'within the range of competence demanded of attorneys in criminal cases' the plea can stand as voluntary and intelligent." *See Johnson*, 2017 WL 1509096 at *3 (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)); *Ramirez v. U.S.*, No. 12-cv-107, 2014 WL 6617389, *4-6 (N.D. Ind. Nov. 21, 2014) (noting "even a gross mischaracterization of the sentencing consequences of a plea is not [necessarily] proof of constitutional deficiency"). Further, to show prejudice in this context, Petitioner must show that but for counsel's deficient performance, he would not have pled guilty. *See Johnson*, 2017 WL 1509096 at *3 (quoting *Galbraith v. U.S.*, 313 F.3d 1001, 1008 (7th Cir. 2002)); *Ramirez*, 2014 WL 6617389 at *4 ("The Seventh Circuit has 'stated many  times that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice.");

*U.S.*, No. 15-cv-243, 2015 WL 5782343, *8 (S.D. Ill. Oct. 5, 2015) ("With regard to prejudice, a petitioner must come forward with objective evidence demonstrating a reasonable probability that, but-for counsel's advice, the petitioner would not have accepted the plea."). During this analysis, the Court presumes that an attorney's conduct is reasonably proficient. *See Johnson*, 2017 WL 1509096 at *3 (quoting *Galbraith*, 313 F.3d at 1008).

Here, the Court declines to accept the Government's argument that Petitioner's grounds for relief are insufficiently connected to ineffective assistance of counsel, or to potential breaches of the plea agreement, such that the Court should dismiss Petitioner's § 2255 Motion without full briefing. Notwithstanding the Government's view of the merits of Petitioner's arguments, or the fact that Petitioner may face an "uphill battle" in the relevant analysis, the Court cannot ignore the heart of his grounds for relief on this procedural posture, namely, that ineffective assistance of counsel caused an erroneous belief that the plea agreement would only result in a sentence of 20 years of imprisonment. (Docs. 1, pgs. 4-5; 6, pgs. 3-5). In light of the fact that Petitioner's Plea Agreement expressly states "defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel," and the fact that Petitioner's grounds for relief reasonably invoke the case law cited above, the Court finds the prudent course is to proceed to a full briefing. *See Watson*, No. 21-cr-30031, Doc. 33, pgs. 10-11; (Doc. 4, pg. 2); *see also Vassen*, 2015 WL 5782343 at *8 (noting, due to the petitioner's assertion in response to the government's motion to dismiss that a waiver of the right to appeal was unenforceable because the plea agreement

itself was the product of ineffective assistance of counsel, the court "out of an abundance of caution" denied the motion to dismiss and directed the government to respond).

This is especially so where, at this stage, the parties have not adequately provided, or even discussed, the portions of the record relevant to the Plea Agreement and change of plea hearing, as is critical in these types of cases. (Doc. 3) (stating, in part, "[t]he Government shall, as part of its response, attach all relevant portions of the record"); *see also Manning v. U.S.*, No. 15-cv-1175, 2016 WL 1535775, *5 (S.D. Ill. April 15, 2016) (finding, based on counsel's affidavit, the plea agreement, the stipulation of facts, and the plea colloquy, counsel properly described the sentencing guideline process to the petitioner and the petitioner understood the plea, where, *inter alia*, the petitioner's own statements at the change of plea hearing belied his arguments, the petitioner acknowledged reading the plea agreement and stipulation of facts, the court reviewed those documents with the petitioner to ensure understanding, and the court noted its sentence could be different from that stated in the plea agreement); *Ramirez*, 2014 WL 6617389 at *4, 7 (finding the petitioner failed to support an ineffective assistance of counsel claim, where, *inter alia*, he previously assented to and expressed an understanding of the terms of the plea agreement in that document itself and at the change of plea hearing); *Rush v. U.S.*, 999 F. Supp. 2d 1104, 1111-12 (S.D. Ill. 2013) (finding allegations of ineffective assistance of counsel, connected to the negotiation of a sentencing agreement, were at odds with the statements the petitioner made under oath at the change of plea hearing); *Diekemper*, 2013 WL 811471 at *5-7 (rejecting ineffective assistance of counsel claims, where, *inter alia*, the petitioner's statements during his

change of plea hearing "clearly illustrate[d]" that he knowingly and voluntarily entered the plea agreement, the plea agreement indicated the court would determine the guideline sentencing range, and the petitioner's attorney's affidavit "paint[ed] a very different picture" than the petitioner's claims); *Vassen*, 2015 WL 5782343 at *8-9 (finding ineffective assistance of counsel claims were without merit or waived, where, *inter alia*, the record "utterly refute[d]" any claim that the guilty plea was not knowing or voluntary in light of the court's plea colloquy, the transcript revealed the petitioner "carefully examined" the plea agreement and "fully grasped" the rights given up, the petitioner indicated he discussed these matters with his attorney and was satisfied with his representation, and the petitioner's attorney's affidavit detailed the time spent discussing the matters with the petitioner); *Lewis v. U.S.*, No. 10-cv-580, 2011 WL 2420375, *7-13 (S.D. Ill. June 11, 2011) (rejecting claims of ineffective assistance of counsel, where, *inter alia*, the plea agreement stated the petitioner was "fully satisfied" with the representation of counsel and he "knowingly and voluntarily waive[d] his right to contest any aspect of his conviction and sentence," the petitioner indicated he read the plea agreement and discussed it with counsel before signing, and these events were confirmed by counsel's affidavit and the petitioner's statements at the change of plea hearing). Proceeding to a full briefing will serve these ends. Therefore, the Motion to Dismiss is **DENIED**.

Finally, under Federal Rule of Civil Procedure 15, Petitioner seeks to amend his Motion under § 2255 for the sole purpose of discussing the Supreme Court's decision in *Blackledge v. Allison*, 431 U.S. 63 (1977). In light of the purpose of this request, the Court construes the Motion to Amend as a Motion to Supplement the initial Motion under

§ 2255. So construed, the Motion at Doc. 7 is **GRANTED**. Petitioner is **DIRECTED** to file a Supplement to his Motion under § 2255 **on or before March 7, 2024**. The Government is **DIRECTED** to file a Response to the initial Motion and Supplement to that Motion **on or before April 8, 2024**. Petitioner shall then have until **May 8, 2024**, to file a Reply.

      **SO ORDERED.**

      Dated: February 5, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
